IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CV-651-BO

| | |
|---|---|
| SENIOR MANAGEMENT, INC., ) <br> PARKER MANUFACTURING, INC. ) <br> d/b/a PARKER ENTERPRISES, INC., ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v.   ) <br>   ) <br> ARNETT GROUP, LLC, ) <br> CORNELL FUNDING SYNDICATE, LLC, ) <br> JOHN H. BELCH, INTERNATIONAL ) <br> FINANCES, LTD., JERRY ZEDNER, ) <br> and WILLIAM KOERNER, ) <br>   ) <br> Defendants. ) | FINAL O R D E R |

This cause comes before the Court on plaintiffs' motions for summary and default judgment. Defendants have failed to respond to either motion within the times allowed, and the motions are now ripe for review.

## BACKGROUND

By virtue of the complicated nature of the alleged financial scheme, the Court will dispense with a full recitation of the facts. The Court hereby incorporates by reference as if fully set forth herein its background and factual recitation provided in its order entered March 8, 2006.

## PROCEDURAL HISTORY

On August 21, 2007, the Court stayed this case pending binding arbitration between plaintiffs and defendants Moneyquest, Capps, and Cramer. By the same order, the Court

dismissed plaintiffs' motion for summary judgment without prejudice. The Court directed the Clerk to administratively close the case from the active docket and to reopen it upon notification by the parties that arbitration had been completed. Plaintiffs completed arbitration and moved to reopen this case on January 26, 2011. On May 2, 2011, the Court entered an order reopening the case and reinstating plaintiff's motion for summary judgment. On March 2, 2012, the Court again dismissed without prejudice plaintiffs' motion for summary to judgment to permit the parties to engage in a settlement conference. Several defendants were later dismissed, and plaintiffs again renewed their motion for summary judgment as to the remaining defendants in this action on January 23, 2013.

Plaintiffs' motion for summary judgment was originally filed on December 29, 2006, and notice was sent to the *pro se* defendants of their right to respond and the requirements of Rule 56 on January 30, 2007. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The remaining defendants against whom summary judgment is appropriately sought,[1] Belch, Arnette Group, and Cornell Funding Syndicate (Belch defendants), have failed to respond to the original motion or any of plaintiffs' renewals of their motion for summary judgment.

Rule 55(a) default was entered against defendants International Finances, Ltd., Jerry Zedner (Zedner defendants), and William Koerner on September 13, 2006. Fed. R. Civ. Pro. 55(a). Neither the Zedner defendants nor Koerner has moved to set aside entry of default, nor have they responded to plaintiffs' oral motion for entry of default judgment pursuant to the Court's notice entered June 12, 2013.

---

[1] *See Phillips Factors Corp. v. Harbor Lane of Pensacola, Inc.*, 648 F. Supp. 1580, 1582 (M.D.N.C. 1986) (summary judgment inappropriate as to defaulted defendants).

## SUMMARY JUDGMENT

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). Though the failure by defendants to respond leaves uncontroverted the facts established by plaintiffs' motion, the Court must still consider whether plaintiffs have shown that the uncontroverted facts entitle them to summary judgment. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

Having considered the pleadings, the record, and the arguments in this matter, the Court finds that plaintiffs have demonstrated that based upon the uncontroverted facts they are entitled to summary judgment against the Belch defendants as to their claims for securities fraud in violation of the Sections 10(b) and 10(b)-5 of the Securities Exchange Act of 1934, 15 U.S.C. § 78J(b) and 17 C.F.R. § 240.10b-5, and for violations of Section 20 of the Securities Exchange Act of 1934 as controlling persons, 15 U.S.C. § 78t. Plaintiffs conceded at the hearing on June 11, 2013, that all other remaining claims are duplicative and may be dismissed.[2]

---

[2] In addition to their 1934 Securities Exchange Act claims, plaintiffs moved for summary judgment on their state law claims for violations of the rules governing loan brokers, common law fraud, and unfair and deceptive trade practices. Plaintiffs did not move for summary judgment on their claims for RICO violations, conspiracy to commit RICO violations, civil conspiracy, breach of fiduciary duty, negligent misrepresentation, and an alternative claim for breach of contract. Pursuant to plaintiffs' concession at the hearing, each of these claims, as well as plaintiffs' request for declaratory judgment, is DISMISSED.

3

First, plaintiffs have demonstrated that the Belch defendants made numerous false and material factual statements and representations to plaintiffs, that the Belch defendants knew these statements were false or else acted in reckless disregard of the truth of the matters, that plaintiffs justifiably relied on these statements, and that the statements were a proximate cause of plaintiffs' damages. *Ottman v. Hanger Orthopedic Grp., Inc.*, 353 F.3d 338, 342-43 (4th Cir. 2003) (standard for 10(b) and 10(b)-5 claims); *see also Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 133 S. Ct. 1184, 1192 (2013); Byrne Rep. at 9-10.

Second, plaintiffs have further demonstrated that Belch is the principal and controlling person of Arnett Group and Cornell Funding and that Belch had sufficient experience and expertise to be aware of the fraudulent nature of these transactions or that, at a minimum, Belch would have known that he that he had insufficient experience to facilitate the transactions in the role that he played. Byrne Rep. at 2, 9-10. As Belch has not provided any evidence that he acted in good faith, he may not escape derivative liability as a controlling person here. *Dellastatious v. Williams*, 242 F.3d 191, 194 (4th Cir. 2001). Accordingly, summary judgment is granted against the Belch defendants on plaintiffs' federal securities claims.

## DEFAULT JUDGMENT

Though there is a preference to resolve disputes on the merits, default judgment is appropriate as against the Zedner defendants and Koerner, against whom default has been entered for failure to answer the amended complaint and notice has been given of plaintiffs' request for default judgment. Fed. R. Civ. P. 55(b)(2). The Zedner defendants have failed to appear in this action since their motion to dismiss was denied and counsel was permitted to withdraw. Koerner has not participated in this action since he filed an answer to the original complaint. Default

4

judgment is appropriate "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp.2d 418, 421 (D.Md. 2005). Nor have these defendants moved to set aside entry of default or made any response to the motion for default judgment.[3]

By their default, the Zedner defendants and Koerner have admitted the facts alleged in plaintiffs' well-pleaded amended complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Plaintiffs well-pleaded facts and the submitted reports of Professor Byrne and Dr. Riley establish that the Zedner defendants and Koerner violated Sections 10(b), 10(b)-5, and 20 of the Securities Exchange Act of 1934 and are liable for damages. 15 U.S.C. § 78J(b); 17 C.F.R. § 240.10b-5; 15 U.S.C. § 78t; *see also* Byrne Rep. at 14-15; Riley Rep. at 2. Plaintiffs' request for entry of default judgment in the amounts of $1,194,657[4] as to Parker Enterprises and $1,750,000 as to Senior Management is therefore granted.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiffs' renewed motion for summary judgment [DE 317] is GRANTED IN PART and DENIED IN PART. Summary judgment is GRANTED against defendants Belch, Arnett Group, and Cornell Funding as to plaintiffs' claims under the Securities Exchange Act of 1934 but is DENIED as to plaintiffs' remaining claims and as to

---

[3] The docket reflects that its order of June 12, 2013, mailed to defendant William Koerner was returned as undeliverable. Failure by a party to notify the Court in a timely manner of a change of address may result in dismissal or other relief the Court deems appropriate. Local Civ. R. 83.3. The docket further reflects that defendant Jerry Zedner is aware that default has been entered against him as he sent a letter to clerk requesting a copy of the entry of default in January 2007 [DE 174] but has taken no action or made any appearance since that time.

[4] This amount reflects plaintiffs' amended request for damages as discussed at the hearing on June 11, 2013.

5

defendants Zedner, International Finances, and Koerner. Plaintiffs' motion for default judgment as to their claims under the Securities Exchange Act of 1934 against defendants Zedner, International Finances, and Koerner is GRANTED. Plaintiffs' remaining claims are DISMISSED.

Judgment shall be entered against all remaining defendants, jointly and severally, in the amount of $1,194,657 as to Parker Enterprises and $1,750,000 as to Senior Management. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). The clerk is DIRECTED to close the file.

SO ORDERED, this __26__ day of June, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE